891 F.2d 293
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Respondent-Appellee,
v.
Alphonso JEFFERIES, Petitioner-Appellant.
 No. 89-3255.
 United States Court of Appeals, Sixth Circuit.
 Dec. 14, 1989.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES, and RALPH B. GUY, Jr., Circuit Judges.
 PER CURIAM.
 
 
 1
 Alphonso Jefferies appeals his jury conviction in the United States District Court for the Southern District of Ohio for attempting to possess cocaine with the intent to distribute, 21 U.S.C. § 846, defrauding the United States by possessing an identification card that was not his own identification document, 18 U.S.C. § 1028(a)(4), and making a false statement to a law enforcement officer about his social security number, 42 U.S.C. § 408(g)(2).
 
 
 2
 On September 27, 1988, officers from the Carlsbad, New Mexico police department were summoned to a Greyhound station by a bus driver who reported having smelled marijuana on his bus. A "narcotics-trained" dog, named "Jake", sniffed the luggage on the bus and "alerted" on two similar-looking blue suitcases, neither of which bore any names identifying their owner or owners. Both suitcases had claim checks indicating that their destination was Cincinnati. None of the passengers on the bus were bound for Cincinnati and no one claimed the luggage when questioned by the police.
 
 
 3
 After the bus driver informed the police that he could delay the bus no longer, the police opened both suitcases without first obtaining a warrant. One of the suitcases contained clothing; the other contained nine kilograms of cocaine. The Carlsbad police kept the cocaine and the suitcase in which it was located and switched the tags on the suitcases so that the clothing-containing suitcase now bore the claim check for the cocaine-containing suitcase. The clothing-containing suitcase was then sent on to Cincinnati bearing the claim tag of the cocaine-containing suitcase. The cocaine and the other suitcase were kept by the police and eventually turned over to a DEA laboratory for analysis.
 
 
 4
 On September 29, 1988, two days later, the clothing-containing suitcase arrived in Cincinnati, bearing a claim check numbered, 26-85-50. It was placed in the luggage claim room with a note that the DEA should be called if anyone tried to claim it. On September 30, 1988, Alphonso Jefferies, who had been walking around in the bus station for some time, asked the ticket agent for assistance in obtaining his bags. He stated that he did not have a claim check, but that his bag was blue. Jefferies also approached a baggage handler in the claim check area said that he needed assistance obtaining his bag. After Jefferies stated that he did not have any identification, he described the bag, accurately, as being blue with two buckles across the top and "the last two digits end in 50". This conversation was overheard by a Cincinnati policeman, with a second job at the bus station, who then arrested Jefferies, advised him of his rights, and called the DEA.
 
 
 5
 The DEA arrived at the station and obtained Jefferies' driver's license and found that there was an active warrant for the person under the name and social security number on the license. According to the DEA agent, Jefferies indicated that he knew of the warrant and that he was Wilbert Jones, the individual portrayed on the identification card. Jefferies signed his name as "Wilbert Jones" on the written advice of rights form. He waived his Miranda rights and stated that he had not asked for a blue bag with a tag ending in "50," but that he had asked for a tan bag with a tag ending in "52." Only the DEA knew that the other claim tag on the other bag ended in "52." Jefferies stated that he knew about the other claim number from "Ben", a person from whom he received a ride to the bus station. Upon further questioning, he stated that he had driven himself to the station. He claimed that he had lost the claim ticket for bag number "52" outside the bus station. He told the agent that he was at the station to pick up the bag for "Ben", but that he did not know why he was there to pick up Ben's bag. He refused to give any names of people who could verify his identity to the DEA. Jefferies' fingerprints and identification were later checked by the FBI who verified that his prints were those of Alphonso Jefferies and that the social security number on the "Wilbert Jones" identification card was assigned to Nicole Wolf.
 
 
 6
 Jefferies was tried before a jury in the Southern District of Ohio for attempting to possess cocaine with the intent to distribute, 21 U.S.C. § 846; possession of a false identification card with the intent to defraud, 18 U.S.C. § 1028(a)(4); and representing a false social security number to a law enforcement agent, 42 U.S.C. § 408(g)(2). Jefferies did not offer any evidence at trial, but made two Motions for Acquittal under Fed.R.Crim.P. 29. The jury returned guilty verdicts on all three counts. Jefferies was sentenced to twenty years for the cocaine count and five years for each of the fake identification/social security counts, sentences to run concurrently.
 
 
 7
 Prior to trial, Jefferies moved, pursuant to Fed.R.Crim.P. 12(b)(3), to suppress the cocaine evidence obtained in the warrantless search of the suitcases. The district court denied Jefferies' motion, ruling that the warrantless search of the luggage was reasonable under the exigent circumstances exception to the warrant requirement.
 
 
 8
 On appeal, Jefferies argues that the cocaine seized from the suitcase must be suppressed because it was obtained without probable cause and without a warrant. We do not review the soundness of the district court's suppression ruling because we find that Jefferies had no standing to challenge the warrantless search of the luggage after he disclaimed ownership of the luggage. United States v. Knox, 839 F.2d 285, 293-294 (6th Cir.1988); United States v. Tolbert, 692 F.2d 1041 (6th Cir.1982).
 
 
 9
 Under this Circuit's law, "One who disclaims any interest in luggage thereby disclaims any concern about whether or not the contents of the luggage remain private." Tolbert, 692 F.2d at 1045. "[D]isclaimer [of ownership of luggage] constitutes an abandonment that result[s] in appellant['s] lack of standing to challenge the search." Knox, 839 F.2d at 294. There is nothing to support the contentions made by Jefferies' counsel at oral argument that the district court prevented Jefferies from calling witnesses to establish something more than the facts in the record show on the abandonment issue. On these facts, Knox clearly controls. Jefferies lacks standing to challenge the search of the luggage, the ownership of which he repeatedly denied, and we do not consider the district court's suppression determination.
 
 
 10
 Jefferies also challenges the sufficiency of the evidence to convict him of having the intent to possess cocaine and of having the intent to defraud the government by profferring a false identification card or representing a false social security number. He also argues that the district court's jury instructions on attempt to possess cocaine and the definition of "defraud" were improper. We find that the evidence was sufficient for a reasonable jury to have convicted Jefferies of having the level of intent required to convict him of the three crimes with which he was charged. We also conclude that the district court properly instructed the jury on the elements of an attempt to possess and the definition of "defraud". See United States v. Williams, 704 F.2d 315, 321 (6th Cir.1983) (outlining the elements of an attempt).
 
 
 11
 Without reviewing the propriety of the district court's suppression ruling, we find that Jefferies lacked standing to challenge the asserted fourth amendment violation in this case, we reject his other assertions of error, and we affirm his conviction.